UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

| | |
|---|---|
| **Bourbon Street LLC,** <br> dba La Cantina, | **Bankruptcy No. 23-30246** <br> **Chapter 11- Subchapter V** |
| **Debtor** | |
| **Petri Enterprises, LLC,** <br> dba La Cantina, <br> dba Heros and Legends Sports Bar, <br> dba Heros and Legends, | **Bankruptcy No. 23-30247** <br> **Chapter 11 – Subchapter V** |
| **Debtor** | |
| **Gannet Peak, LLC,** <br> dba La Cantina, | **Bankruptcy No. 23-30248** <br> **Chapter 11 – Subchapter V** |
| **Debtor** | |

**AMENDMENT TO MOTION TO DISMISS OR CONVERT CHAPTER 11 CASES**

The Acting United States Trustee (UST) through her undersigned attorney and amends his motion to dismiss or convert (Document No. 94).  In support of her amendment, she states the following:

1. The UST's motion to dismiss was set for hearing on December 5, 2023.

2. A hearing on confirmation of the subchapter V plans was held on December 5, 2023.  The Debtors filed Notices of Cessation of Business prior to the hearing.  See Doc. No. 115 (Bourbon Street), Doc. No. 134 (Gannett Peak LLC), and Doc. No. 135 (Petri Enterprises, LLC).

3. At the hearing, the Debtor proposed three resolutions of the cases:  (1) allow the Debtors to submit a liquidating subchapter V plan(s);  (2) convert the case(s) to chapter 7;  or (3) dismiss the case(s).

1

4. The Court proposed that interested parties file a preference by December 12, 2023 and set the matter on for hearing on December 20, 2023 at 10:00 a.m.

5. The UST's original motion addressed delinquencies on reporting by the Debtors, and the UST duly requested that the cases be dismissed because no operational issues were raised in the motion and because the businesses could keep operating outside of bankruptcy. The cessation of the businesses changed the course of the cases and changed the nature of the UST's motion. In paragraph 15 of the motion, the UST stated the following:

> The UST reserves the right to raise any additional delinquency or cause prior to any hearing on this motion, including whether there are losses to the estate and whether there is a reasonable likelihood of reorganizing under § 1112(b)(4)(A).
>  cause to substantive cause over the operational ability of the Debtors.

The reservation of right to raise an operational issue is sufficient to not require a new motion.

6. In Bourbon, the secured creditor indicated that the creditor and landlord have worked out the turnover of property and prefer dismissal of the case. Given the lack of equity in the case due to the size of the secured creditors' claim and the tax claim, the UST does not object to dismissal if the secured creditor prefers that route. Ultimately, if there is cause, the Court may dismiss or convert the cases based on the best interests of creditors.

7. The UST's preference is for conversion of the Gannet Peak LLC and Petri Enterprises LLC cases. Upon the cessation of the business operations, Section 1112(b)(4)(A) became the specific cause to dismiss or convert the cases. Section 1112(b)(1) provides that the Court shall dismiss or convert a case for cause. 11 U.S.C. §1112(b)(1). Section 1112(b)(4) provides a non-exhaustive list of grounds for finding cause. *In re Kerr*, 908 F.2d 400 (8th Cir. 1990)(citing pre-BAPCPA §1112(b));  *In re Keeley and Grabanski Land Partnership*, 460 B.R. 520, 536 (Bankr. D. N.D. 2011)(citing post-BAPCPA §1112);  *In re Walton Street Properties, LLC*, 2011 WL 7179642, at * 3 (Bankr. W.D. Ark. 2011). Section 1112(b)(4) states that cause includes:

(A) substantial or continuing loss to or diminution of the estate and the

2

absence of a reasonable likelihood of rehabilitation.

11 U.S.C. § 1112(b)(4)(A).

8. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) retained former Section 1112(b)(1) as renamed Section 1112(b)(4)(A). In *Loop Corp. v. U.S. Trustee*, the Eight Circuit affirmed the lower court's conversion of a chapter 11 case over chapter 11 liquidation, and the Court held that the cessation of the business met the "continuing loss or diminution of the estate standard" and the finality of the closure meant that there was no reasonable likelihood of rehabilitation under Section 1112(a)(4)(A). 379 F.3d 511, 515-16 (8th Cir. 2004). The court recognized that most liquidating debtors would meet the standard for cause to convert or dismiss under Section 1112(a)(4)(A), but noted the use of the term "may" in Section 1112(b) permitted a bankruptcy court "in an appropriate case" to deny dismissal or conversion "despite a showing of cause". *Id.* 516-17.

Since *Loop*, BAPCPA changed the permissible "may" to "shall" under Section 1112(b)(1) once cause has been shown to dismiss or convert a case. However, once cause is established, the Court may exercise its discretion not to dismiss or convert the case only if it identifies *unusual circumstances* establishing that converting or dismissing the case is not in the best interest of the estate. 11 U.S.C. § 1112(b)(2). However, if the Court identifies unusual circumstances, the debtor must also establish:

> **(A)** there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> **(B)** the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>
>> **(i)** for which there exists a reasonable justification for the act or omission; and
>>
>> **(ii)** that will be cured within a reasonable period of time fixed by the court.

3

11 U.S.C. § 1112(b)(2).

9. In the present cases, Loop provides cause to dismiss or convert the cases under Section 1112. It is the burden of other parties to demonstrate "unusual circumstances" to establish that dismissal or conversion is not in the best interest of the creditors.

10. The UST does not believe there are unusual circumstances to proceed with a liquidating chapter 11 plan. The businesses are small restaurants and not large operations that require the expertise of officers or the insiders of the business to oversee a complex or sophisticated liquidation process, as most liquidating chapter 11 plans do. Debtors' counsel indicated at the hearing on December 5th that the insider of the Debtors' business was in fact ready to be done and move on with his life. Chapter 7 trustees in this District are experienced in liquidating small restaurant businesses and litigating chapter 5 causes of action. The chapter 5 causes of action are property of the estate and are not encumbered by pre-petition security interests; therefore, the independence of a party in seeking those recoveries is important.

11. The chapter 11 plans of reorganization (Docs. 108-110) identified the following equity in the cases in the liquidation analyses, which excluded the chapter 5 causes of action that would also be available in chapter 7:

    a.    Bourbon Street LLC    $0

    b.    Petri Enterprises, LLC    $18,808.90

    c.    Gannett Peak, LLC    $0

12. The Statement of Financial Affairs in each were supplemented with an explanation of insider transaction between the Debtors and other entities owned or controlled by Mr. Petri. Conversion of the cases is beneficial to the unsecured creditor classes because an independent chapter 7 trustee can review those actions and pursue any actions if necessary. In a liquidating plan, the insider would be the party authorizing any causes of action and would not authorize any actions against themselves.

13. In a subchapter V case, the subchapter V trustee will also continue to incur fees, and it is not clear what the source for paying his fees and other administrative costs in a liquidating chapter 11 plan while chapter 5 causes of action are pursued (and which could take a long time). Chapter 11 counsel received a retainer of $15,000 for representation in all three cases, but the subchapter V trustee received no retainer, and it is already known that the subchapter V trustee will not receive any reimbursement for his services in Bourbon. Subchapter V trustees were intended for the purpose of facilitating plans of reorganization. While subchapter V trustees may oversee the liquidation of assets as part of a plan, see 11 U.S.C. § 1191(c)(2) (value of property distributed must be equal or more than disposable income over the period) and (c)(3) (liquidation of assets as a default remedy). In this case, it would not be reasonable for the subchapter V trustee to continue to serve with a high risk of not being paid. Chapter 7 trustees are compensated on a commission basis to account for that risk.

14. In summary, the UST is not aware of any "unusual circumstances" applicable in these cases to go forward with a liquidating plan. These are small businesses that require no insider expertise in liquidation. The Debtors were given the opportunity to reorganize. The Debtors are no longer operating. The value to unsecured creditors will lie in the unencumbered chapter 5 causes of action, which chapter 7 trustees are experienced at litigating. The business assets relate to restaurant assets that will be turned over to secured creditors or auctioned, whether the cases are liquidated in chapter 11 or chapter 7. The pre-petition insider transactions also merit an independent party to review the cases.

15. A bankruptcy court has broad discretion in deciding whether to dismiss or convert a Chapter 11 case. *Lumber Exchange Bldg., Ltd. v. Mutual Life Ins. Co. (In re Lumber Exchange Bldg., Ltd.)*, 968 F.2d 647, 648 (8th Cir. 1992). The UST requests that the Bankruptcy Court dismiss these cases or any such case that remains delinquent up to a hearing on this motion for cause pursuant to § 1112(b).

WHEREFORE, the UST requests that the Court dismiss these chapter 11 cases.

Dated: December 7, 2023                    MARY R. JENSEN
                                                         Acting United States Trustee Region 12

                                                         /s/ Sarah J.   Wencil
                                                         Sarah J.   Wencil
                                                         Trial Attorney Iowa Atty. No. 14014
                                                         Office of U.S. Trustee
                                                         1015 United States Courthouse
                                                         300 South Fourth Street
                                                         Minneapolis, MN 55415
                                                         (612) 334-1350
                                                         Sarah.J.Wencil@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

**In re:**

| | |
|---|---|
| **Richard Carl Parisien** | Bankr. No. 20-30258 |
|    d/b/a Rich's Construction | |
|    Debtor. | Chapter 11 |

**Certificate of Service**

The undersigned hereby certifies under penalty of perjury that on December 7, 2023, she electronically filed the attached: Amended Motion to Dismiss or Convert Chapter 11 Cases, thereby causing the following parties to be served by CM/ECF. A copy was also mailed by first class mail postage pre-paid at the addresses set forth below:

CM/ECF

- **Michael Gust**    mlgfilings@andersonbottrell.com, jernst@abstlaw.net
- **Thomas Kapusta**    tkapusta@aol.com
- **John M Krings**    john@kaler-doeling.com, janae@kaler-doeling.com
- **Elizabeth Lally**    elally@spencerfane.com
- **Robert B. Raschke**    USTPRegion12.SX.ECF@usdoj.gov
- **John D. Schroeder**    jschroeder@northdakotalaw.net, karensyrstad@northdakotalaw.net;amattingly@northdakotalaw.net
- **Maurice VerStandig**    mac@mbvesq.com, mac@dakotabankruptcy.com;verstandig.mauricer104982@notify.bestcase.com;verstandiglaw@recap.email

US MAIL

Bourbon Street LLC
1730 13th Avenue N
Grand Forks, ND

Gannett Peak, LLC
Petri Enterprises, LLC
Mark Petri
28 Center Avenue N
Mayville, ND 58257-1141

**Byzfunder Funding LLC**
c/o Cogency Global, Inc., Registered Age

850 New Burton Road Suite 201
Dover, DE 19904

**Choice Financial Group**
Grand Forks North 1697 S 42nd Street
Grand Forks, ND 58201

**Cintas Corporation #2**
6800 Cintas Boulevard Christine West
Mason, OH 45040

**Coca Cola Bottling Company High Country**
2150 Coca Cola Lane
Rapid City, SD 57702

**Cole Creek LLC**
Attn: Jerome Gerszewski
5893 Cole Creek Drive
Grand Forks, ND 58201

**Corporation Service Company, As Represen**
P.O. Box 2576
Springfield, IL 62708

**Internal Revenue Service**
PO Box 7346
Philadelphia, PA 19101-7346

**L.I.S.T.E.N., Inc.**
2100 South Washington Street
Grand Forks, ND 58201

**Midco**
PO Box 5010
Sioux Falls, SD 57117

**National Funding, Inc.**
9530 Towne Centre Drive Suite 120
San Diego, CA 92121

**North Dakota Office of State Tax Commiss**
600 E. Boulevard Ave. Dept. 127
Bismarck, ND 58505

**Quick Bridge Funding, LLC**
Robert Zahradka, Esq.
9530 Towne Centre Dr., Suite 120
San Diego, CA 92121

**Quick Bridge Funding, LLC**
410 Exchange Suite 150
Irvine, CA 92602

**Rewards Network Establishment Services**
540 W Madison Street Suite 2400
Chicago, IL 60661

**Rusty Steffan**
1617 15th Ave NE
Grand Forks, ND 58201

**Sam's West, Inc.**
c/o C T Corporation System
124 West Capitol Avenue Suite 1900
Little Rock, AR 72201

**Spencer Fane LLP**
C/O Elizbeth M. Lally
13815 FNB Parkway, Suite 200
Omaha, NE 68154

**US Foods, Inc.**
9399 West Higgins Road Suite 500
Des Plaines, IL 60018

Dated:   December 7, 2023                                    /s/ Sarah J. Wencil
                                                             Sarah J. Wencil
                                                             Office of the U.S. Trustee