# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NORTH DAKOTA
(Fargo Division)

| | |
|---|---|
| In Re: | Bankruptcy No. 23-30246 |
| | Chapter 11- Subchapter V |
| Bourbon Street LLC, | Jointly Administered |
| dba La Cantina, *et al*. | |
|           Debtor. | |
| _____/ | |
| Petri Enterprises, LLC, | Bankruptcy No. 23-30247 |
| dba La Cantina, | Chapter 11 Subchapter V |
| dba Heros and Legends Sports Bar, | Jointly Administered |
| dba Heros and Legends, | |
|           Debtor. | |
| _____/ | |
| Gannett Peak, LLC, | Bankruptcy No. 23-30248 |
| dba La Cantina, | Chapter 11 – Subchapter |
| | Jointly Administered |
|           Debtor. | |

### KAPITUS SERVICING, INC., AS SERVICING AGENT FOR KAPITUS LLC'S RESPONSE TO THE MOTION TO DISMISS OR CONVERT CHAPTER 11 CASES TO CHAPTER 7 AND AMENDMENT TO RESPONSE TO THE MOTION TO DISMISS OR <u>CONVERT CHAPTER 11 CASES TO CHAPTER 7</u>

COMES NOW Kapitus Servicing, Inc., as Servicing Agent for Kapitus LLC ("Kapitus") a secured creditor and party-in-interest in the above-captioned case, by its counsel of record, and hereby files its *Response to the Motion to Dismiss or Convert Chapter 11 Cases to Chapter 7 and Amendment to Response to the Motion to Dismiss or Convert Chapter 11 Cases to Chapter 7*. [Case No. 23-30246, ECFs 94, 151]. In support of its Response, Kapitus respectfully states as follows:

1

## I. SUMMARY

1. Kapitus supports the entry of an order from the Court (defined below) converting Petri Enterprises, LLC's Chapter 11 Subchapter V case to a Chapter 7 Case pursuant to 11 U.S.C. §1112(b)(1).

## II. JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the District of North Dakota (Fargo Division) (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This matter is a core-proceeding arising under 28 U.S.C. §157(b)(2)(A).

5. Therefore, the Court holds constitutional authority to enter a final order and judgment. *See Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 1938–40 (2015); *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 (2011).

6. To the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution, Kapitus consents to entry of a final order by the Court in connection with this Objection.

## III. BACKGROUND

7. Petri Enterprises, LLC ("Debtor") was formed in July 2007 and operated the La Cantina restaurant a "Tex-Mex" dining establishment located in Mayville, North Dakota and until December 5, 2023. See Plan, p. 1 [Case No. 23-30246, ECF 108]; Notice of Cessation of Operations [Case No. 23-30246, ECF 135].

8. On July 29, 2023, Debtor filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq*, commencing the above-captioned case and elected to proceed as a Subchapter V case.

9. Kapitus is a secured creditor of the Debtor. See generally Kapitus POC [Case No. 23-30247, POC 1].

10. On October 4, 2023, the United States Trustee ("UST") filed a Motion to Dismiss or Convert each of the above-captioned cases.[1] [Case No. 23-30246, ECF 94].

11. On October 27, 2023, Debtor filed its proposed Subchapter V Plan of Reorganization (the "Plan"). [Case No. 23-30246, ECF 108].

12. Kapitus timely voted to reject the Plan.

13. Kapitus timely filed an Objection to the Debtor's Plan. [Case No. 23-30246, ECF 58, ECF 119].

14. A confirmation hearing regarding Debtor's Plan was held on December 5, 2023. [Case No. 23-30246, ECF 85]. However, on December 5, 2023, Debtor filed a Notice of Cessation of Operations. [Case No. 23-30246, ECF 135]. Gannett Peak, LLC filed a Notice of Cessation of Operations on the evening of December 4, 2023. [Case No. 23-30246, ECF 134]. Bourbon Street LLC filed a Notice of Cessation of Operations on the evening of November 13, 2023. [Case No. 23-30246, ECF 115].

15. On December 5, 2023, the Court entered orders denying confirmation of Debtor's Plan as well as those of Gannett Peak, LLC and Bourbon Street LLC. [Case No. 23-30246, ECFs 146, 147, 148].

16. At the December 5, 2023, hearing, the Debtor, via counsel, proposed three resolutions of the cases: (1) allow the Debtor to submit a liquidating plan; (2) convert the Debtor's

---

[1] Kapitus' claim is filed only as to Debtor, Petri Enterprises, LLC [Case No. 23-30247]. Therefore, Kapitus' Response is only as to Debtor, Petri Enterprises, LLC [Case No. 23-30247]. However, the reasons for which Kapitus supports conversion of the Debtor's case [Case No. 23-30247] to a Chapter 7 are likely equally applicable to Gannett Peak, LLC [Case No. 23-30248], and, perhaps, to Bourbon Street LLC [Case No. 23-30246].

3

case to Chapter 7; or (3) dismiss the Debtor's case. See also Notice of Cessation of Operations. [Case No. 23-30246, ECF 135].

17. On December 5, 2023, the Court ordered interested parties to file a pleading stating their position regarding whether the UST's Motion to Dismiss or Convert should be granted, and, if so, whether they advocate for dismissal or conversion. [Case No. 23-30246, ECF 149].

18. On December 7, 2023, the UST Trustee filed an Amendment to Motion to Dismiss or Convert Case from Chapter 11 to 7 stating, in part, "**The UST's preference is for conversion of the Gannet Peak LLC and Petri Enterprises LLC cases**." See Amendment to Motion to Dismiss or Convert, p. 2, ¶ 7. [Case No. 23-30246, ECF 151].

19. Kapitus also supports the conversion of Debtor, Petri Enterprises LLC case to Chapter 7 for many, if not all, of the reasons cited by the UST in support of conversion.

### V. ARGUMENT FOR CONVERSION TO CHAPTER 7

20. Section 1112(b)(1) of the Bankruptcy Code provides, in part, "…after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. §1112(b).[2]

21. Section 1112(b)(4) of the Bankruptcy Code lists what constitutes "cause" for dismissal or conversion of a case pursuant to Section 1112(b)(1), however, these factors are not exclusive. In re Kerr, 908 F.2d 400 (8th Cir. 1990) (citing pre-BAPCPA §1112(b)); In re Keeley

---

[2] Section 1112(b)(1) states, in part, the court "shall" convert a case, however, once cause has been shown to dismiss or convert a case, the court may exercise its discretion not to dismiss or convert the case if it identifies unusual circumstances establishing that converting or dismissing the case is not in the best interest of the estate. 11 U.S.C. § 1112(b)(2). It is the burden of the Debtor / other parties to demonstrate "unusual circumstances" to establish that dismissal or conversion is not in the best interest of the creditors.

4

and Grabanski Land Partnership, 460 B.R. 520, 536 (Bankr. D. N.D. 2011) (citing post-BAPCPA §1112); In re Walton Street Properties, LLC, 2011 WL 7179642, at * 3 (Bankr. W.D. Ark. 2011).

22. A bankruptcy court has broad discretion in deciding whether to dismiss or convert a Chapter 11 case. Lumber Exchange Bldg., Ltd. v. Mutual Life Ins. Co. (In re Lumber Exchange Bldg., Ltd.), 968 F.2d 647, 648 (8th Cir. 1992).

23. Section 1112(b)(4)(A) supports dismissal or conversion when there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. §1112(b)(4)(A). Clearly, there is no reasonable likelihood of rehabilitation given that the Debtors in all three cases have ceased operations. [Case No. 23-30246, ECFs 115, 134, 135]. See In Loop Corp. v. U.S. Trustee, 379 F.3d 511, 515-16 (8th Cir. 2004) (Affirming the conversion of a chapter 11 case over chapter 11 liquidation, and holding the cessation of the business met the "continuing loss or diminution of the estate standard" and the finality of the closure meant that there was no reasonable likelihood of rehabilitation under Section 1112(a)(4)(A)).

24. Section 1112(b)(4)(M) supports dismissal or conversion when there is a "inability to effectuate substantial consummation of a confirmed plan." 11 U.S.C. §1112(b)(4)(M). While the Debtor may propose a plan of liquidation, it is unlikely that the Debtor could show its proposed plan of liquidation is in the best interest of Debtor's estate and its creditors as opposed to liquidation via a Chapter 7 Trustees given the fact that the Debtor is not operating. Further, comments of Debtor's counsel at the hearing conducted on December 5, 2023, as well the Debtor's representative, Mr. Petri, not attending the hearing, seemingly support that Debtor's owner / operator is unlikely to want to be significantly involved in the liquidation process or consummation of a liquidating plan.  11 U.S.C. § 1129(a)(7).

25. Additionally, it appears there may be causes of action under Section 500, *et. seq*, of the Bankruptcy Code, including those against "insiders" of the Debtor, which causes of action are property of the Debtor's Estate. An independent, Chapter 7 Trustee is in best position to analyze these potential causes of action and to seek recoveries for the benefit of unsecured creditors based on the Chapter 7 Trustee's business judgment and expertise. Typically, in a liquidating plan, the insider would be the party authorizing any such causes of action and would not authorize any actions against themselves, which clearly presents a conflict of interest to the detriment of unsecured creditors and the Debtor's Estate.

26. Substantial confirmation of a liquidating plan is further rendered unlikely due to a lack of funds within Debtor's financial accounts to pay for the required professional/ administrative expenses of the Debtor conducting its own liquidation and, potentially, pursuing certain litigation. See Debtor's Monthly Operating Reports for August, September, and October [Case No. 23-30246, ECFs 101, 104, 117]. Chapter 7 trustees, in general, are well-experienced with the liquidation of small businesses, such as the Debtor's, and therefore will be more efficient, capable and successful in such liquidation.

27. Section 1112(b)(4)(N) supports dismissal or conversion when there would be a "material default by the debtor with respect to a confirmed plan." 11 U.S.C. §(b)(4)(N). For the reasons set forth in the proceeding paragraph, Kapitus believes such a material default is likely.

28. Section 1112(b)(4)(C) supports dismissal or conversion where a debtor fails "to maintain appropriate insurance that poses a risk to the estate or to the public." 11 U.S.C. §(b)(4)(C). The UST's Motion to Dismiss or Convert noted a failure of Debtor to provide certain proofs of insurance. See Motion to Dismiss or Convert, pp. 3-4, ¶ 8 [ [Case No. 23-30246, ECF 94]. It is unclear to Kapitus if Debtor has maintained the necessary insurance during the pendency of this

6

case, but there would seem to be little funds in Debtor's account to pay for continued property insurance (at a minimum) pending the Debtor confirming a plan and conducting its own liquidation.

## VI. CONCLUSION

Based on the foregoing, Kapitus respectfully requests that the Court enter an order converting Debtor, Petri Enterprises, LLC's case from Chapter 11 to Chapter 7, and grant such other and further relief as the Court deems appropriate in law or equity.

Dated: December 11, 2023

                                      Respectfully submitted,

                                      */s/ Elizabeth Lally*_____
                                      Elizabeth Lally (admission to the United States District Court for the District of North Dakota granted 08/21/2023)

                                      SPENCER FANE LLP
                                      13815 FNB Parkway
                                      Suite 200
                                      Omaha, NE 68154
                                      Telephone: 402.800.2299
                                      Email: elally@spencerfane.com

                                      **Attorney for Kapitus Servicing Inc., as Servicing Agent for Kapitus, LLC**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NORTH DAKOTA
### (Fargo Division)

| | |
|---|---|
| In Re: | Bankruptcy No. 23-30246 |
| | Chapter 11- Subchapter V |
| Bourbon Street LLC, | Jointly Administered |
| dba La Cantina, | |
|         Debtor. | |
| _____/ | |
| Petri Enterprises, LLC, | Bankruptcy No. 23-30247 |
| dba La Cantina, | Chapter 11 Subchapter V |
| dba Heros and Legends Sports Bar, | Jointly Administered |
| dba Heros and Legends, | |
|         Debtor. | |
| _____/ | |
| Gannett Peak, LLC, | Bankruptcy No. 23-30248 |
| dba La Cantina, | Chapter 11 – Subchapter |
| | Jointly Administered |
|         Debtor. | |

## **CERTIFICATE OF SERVICE**

I, Elizabeth M. Lally, a Partner at the law firm of Spencer Fane LLP, and being of legal age, hereby certify that on December 11, 2023, a true and correct copy of the *Response to the Motion to Dismiss or Convert Chapter 11 Cases to Chapter 7 and Amendment to Response to the Motion to Dismiss or Convert Chapter 11 Cases to Chapter 7* was electronically transmitted via CM/ECF. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing on counsel for the Debtor.

      Dated: December 11, 2023

                                            */s/ Elizabeth Lally*_____
                                            Elizabeth Lally